# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>      Plaintiff,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM d/b/a THE VALLEY HOSPITAL, INC. and HOLY NAME MEDICAL CENTER, INC., ABC COMPANY, DEF COMPANY, GHI PARTNERSHIP, JKL ORGANIZATION, JOHN DOE, and JANE DOE,<br><br>      Defendants. | CIVIL ACTION NO.: _____<br><br>Civil Action<br><br>Action Removed: ESX-C-21-16<br><br>**NOTICE OF REMOVAL** |

**TO:**     Chief Judge and Judges of the United States District Court for the District of New Jersey

**ON NOTICE TO:**

    Michael O. Kassak, Esq.
    Andrew I. Hamelsky, Esq.
    White and Williams LLP
    The Legal Center - One Riverfront Plaza
    1037 Raymond Boulevard, Suite 230
    Newark, NJ 07102

    Clerk, United States District Court, District of New Jersey
    Newark Vicinage
    Martin Luther King Building & U.S. Courthouse
    50 Walnut Street, Room 4015
    Newark, NJ 07101

    Clerk, Superior Court of New Jersey, Chancery Division
    Essex County Superior Court
    Wilentz Justice Complex
    212 Washington Street, 8th Floor
    Newark, NJ 07102

**HONORABLE JUDGES:**

  Defendants Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc. (together, "Defendants"), by their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Chancery Division, Essex County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, based on the following grounds:

**I. HISTORY OF THE ACTION**

  1. On or about January 25, 2016, Plaintiff Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Plaintiff") commenced the instant action against Defendants in the Superior Court of New Jersey, Chancery Division, Essex County, docket number C-21-16 (the "Action").  A copy of Plaintiff's Verified Complaint with Exhibits, Proposed Order to Show Cause, Brief in Support with Exhibits and Certification in Support with Exhibits filed in the Action are attached hereto as Exhibits A - D.  Aside from the documents attached hereto as Exhibits A - D, there were no other process, pleadings or orders served upon or otherwise received by Defendants.

  2. On January 26, 2016, Defendants were served with the Verified Complaint with Exhibits, Proposed Order to Show Cause, Brief in Support with Exhibits and Certification in Support with Exhibits.

  3. This Notice of Removal is being filed within thirty (30) days after the receipt of the Verified Complaint with Exhibits, Proposed Order to Show Cause, Brief in Support with Exhibits and Certification in Support with Exhibits by Defendants and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## II.  ALLEGATIONS OF THE VERIFIED COMPLAINT

4. The crux of Plaintiff's Verified Complaint is that Defendants allegedly published false advertisements concerning the OMNIA Health Care Alliance ("OMNIA"), a health plan created by Plaintiff. Plaintiff alleges four causes of action: (1) false advertising under the Lanham Act, 15. U.S.C. § 1125(a); (2) defamation; (3) disparagement; and (4) tortious interference with prospective economic advantage.

5. Specifically, Plaintiff alleges that Defendants published false advertisements on billboards, websites and letters claiming that OMNIA will limit its subscribers' access to certain hospitals. See Verified Complaint, ¶¶ 14-38.

6. The primary cause of action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), alleges that the statements on the advertisements are false and misleading and actually deceive or have a tendency to deceive. See id., ¶¶ 41-42.

7. Plaintiff seeks temporary, preliminary and permanent injunctive relief requiring Defendants to immediately remove the allegedly false advertisements and prohibiting Defendants from publishing further allegedly false advertisements. See id., Prayer For Relief, ¶¶ 1-2.

8. Plaintiff further seeks an Order requiring Defendants to "correct any erroneous impression" created by the allegedly false advertisements, adjudging Defendants to have violated 15 U.S.C. § 1125(a) and New Jersey state law by engaging in deceptive trade practices and representations, awarding damages to Plaintiff including costs and attorney fees, and requiring misleading and deceptive materials be "removed and destroyed pursuant to 15 U.S.C. § 1118". See id., Prayer For Relief, ¶¶ 3-8.

**III.    JURISDICTION**

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Action arises under the Lanham Act, a federal law enacted by Congress in 1946 and codified at 15 U.S.C. § 1051 *et seq*.

10. Pursuant to 28 U.S.C. § 1441(a), "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. Accordingly, this Action may be removed by Defendants to the United States District Court for the District of New Jersey.

**IV.    VENUE**

12. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey, Newark Vicinage, is the proper venue for removal jurisdiction because it embraces the place where the Action is pending.

**V.    SUPPLEMENTAL JURISDICTION**

13. This Court has supplemental jurisdiction over any non-removable causes of action because all of Plaintiff's claims arise from the same nucleus of operative facts. See 28 U.S.C. § 1367. Alternatively, this Court has jurisdiction over any non-removable claims pursuant to 28 U.S.C. § 1441(c).

**VI.    PROCEDURAL COMPLIANCE WITH REMOVAL REQUIREMENTS**

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15. As stated above, this Notice of Removal is being filed within thirty (30) days after the receipt of the Verified Complaint with Exhibits, Proposed Order to Show Cause, Brief in Support with Exhibits and Certification in Support with Exhibits by Defendants and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

16. Also as stated above, a copy of all process, pleadings or orders served upon or otherwise received by Defendants are attached hereto as Exhibits A - D.

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served consent to the removal of the Action.

18. A copy of a Civil Cover Sheet, required by Local Rule 5.1, is attached hereto as Exhibit E.

19. Four (4) copies of this Notice of Removal and a Civil Cover Sheet shall promptly be forwarded to the Clerk of the United States District Court, District of New Jersey, pursuant to Local Rule 5.1.

20. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendant shall give written notice thereof to all adverse parties and shall file a copy with the Clerk of the Superior Court of New Jersey, Essex County.

21. Defendants have not previously made an application for the relief sought herein, nor for any similar relief, to this or any other court.

22. By filing this Notice of Removal, Defendants do not waive any defenses, including, but not limited to, those related to jurisdiction, venue and insufficiency of service of process.

**WHEREFORE**, Defendants Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc. file this Notice to Remove the Action, now pending in the Superior Court of New Jersey, Chancery Division, Essex County, from that court, and requests that the Action proceed in this Court as an action properly removed to it.

Dated: February 1, 2016

                              McCUSKER, ANSELMI, ROSEN,
                               & CARVELLI, P.C.

                      By: s/ Bruce S. Rosen
                            210 Park Avenue, Suite 301
                            Florham Park, New Jersey 07932
                            Tel: (973) 635-6300
                            Fax: (973) 635-6363
                            Email: brosen@marc-law.com
                            *Attorneys for Defendants*

## **LOCAL RULE 11.2 CERTIFICATION**

I, Bruce S. Rosen, counsel for Defendants Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc., certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

Dated: February 1, 2016

                     McCUSKER, ANSELMI, ROSEN,
                       & CARVELLI, P.C.

By: s/ Bruce S. Rosen
      210 Park Avenue, Suite 301
      Florham Park, New Jersey 07932
      Tel: (973) 635-6300
      Fax: (973) 635-6363
      Email: brosen@marc-law.com
      *Attorneys for Defendants*