**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY HEALTH SYSTEM d/b/a THE VALLEY HOSPITAL, INC. and HOLY NAME MEDICAL CENTER, INC., ABC COMPANY, DEF COMPANY, GHI PARTNERSHIP, JKL ORGANIZATION, JOHNE DOE and JANE ROE,<br><br>Defendants. | Civil Action No. 16-545 (JLL) (JAD)<br><br><br>**OPINION** |

**LINARES, District Judge.**

This matter concerns allegedly false advertising related to the rollout of the OMNIA Health Plan ("OMNIA") and comes before by the Court upon cross-motions to dismiss. (ECF Nos. 48, 59.) Plaintiff Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") moves to dismiss the counterclaims asserted by Defendants Valley Health System d/b/a The Valley Hospital, Inc. ("Valley Hospital") and Holy Name Medical Center, Inc. ("Holy Name") (together, the "Hospitals"). (ECF No. 48.) The Hospitals move to dismiss Horizon's Amended Complaint. (ECF No. 59.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies the cross-motions to dismiss.

## FACTUAL BACKGROUND[1]

Horizon is New Jersey's oldest and largest health insurer. (ECF No. 57 ("Am. Compl.") ¶ 2.) On September 10, 2015, Horizon announced OMNIA, a new health plan designed to "change the model" of healthcare delivery: instead of "fee-for-service," OMNIA's "goal is to pay for keeping . . . members healthy." (*Id.* ¶ 6–8.)

All of the hospitals in Horizon's network participate in the OMNIA health plan. (*Id.* ¶ 9.) Horizon has designated 22 non-profit acute care hospitals as Alliance members and Tier 1 hospitals. (*Id.*) An additional 14 acute care hospitals have been designated as non-Alliance Tier 1 hospitals. (*Id.*) The remaining hospitals in Horizon's network—including Valley Hospital and Holy Name—were designated as Tier 2 providers. (*Id.*) "OMNIA is designed to provide reduced premiums and other financial benefits to members to use Tier 1 hospitals." (*Id.* ¶ 10.)

Both Horizon and the Defendant Hospitals undertook extensive advertising campaigns related to OMNIA's rollout. (*Compare id.* ¶¶ 14–45 (discussing advertisements & statements published by the Hospitals), Am. Compl., Ex. A (chart summarizing the allegedly false advertisements / statements published by the Hospitals), *with* ECF No. 44 at 10–19 ("Hospitals' Counterclaim") and accompanying attachments (discussing advertisements & statements published by Horizon).)

## PROCEDURAL HISTORY

On January 25, 2016, Horizon initiated this action with the filing of a Verified Complaint in the Superior Court of New Jersey, Chancery Division, Essex County, alleging false advertising

---

[1] These background facts are derived from the pleadings and are accepted as true solely for the purposes of this Opinion. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009) (noting that in deciding a Rule 12 motion, the court must "accept as true plaintiffs' material allegations, and construe the complaint in the light most favorable to them").

under the Lanham Act, as well as defamation, product disparagement, and tortious interference under New Jersey law. (*See* ECF No. 1, Exs. A–D.) That same day, Horizon also filed a proposed Order to Show Cause seeking temporary restraints, which was scheduled for a February 3, 2016 hearing in state court. (*Id.*) However, the Hospitals removed the action to this Court on February 1, 2016. (ECF No. 1.)[2] The Hospitals filed an Answer and Counterclaim on April 5, 2016, alleging false advertising under the Lanham Act. (ECF No. 44 ("Counterclaim").)

On May 3, 2016, Horizon filed the instant motion to dismiss the Counterclaim. (*See* ECF No. 48-2 ("Horizon Mov. Br.").) Pursuant to Court Order (ECF No. 56), Horizon filed an Amended Complaint on June 29, 2016 (ECF No. 57 ("Am. Compl.")), which the Hospitals moved to dismiss on July 20, 2016. (*See* ECF No. 59-1 ("Hospital Mov. Br.").[3]) On August 5, 2016, Horizon filed a brief in further support of its Motion to Dismiss the Counterclaim, and in opposition to the Hospitals' Motion to Dismiss the Amended Complaint. (ECF No. 61 ("Horizon Reply Br.").) On August 12, 2016, the Hospitals filed a reply brief in further support of its Motion to Dismiss the Amended Complaint. (ECF No. 62 ("Hospital Reply Br.").) The matter is now ripe for adjudication.

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Horizon filed a new application for a preliminary injunction in this Court on February 19, 2016 (ECF No. 23), which was subsequently withdrawn. (ECF No. 42.)

[3] The Hospitals filed an omnibus brief in opposition to Horizon's Motion to Dismiss the Counterclaim, and in support of the Hospitals' Motion to Dismiss the Amended Complaint. (*See also* ECF No. 58.)

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid*.

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted). Stated differently, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016) (quoting *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014)) (internal quotations omitted).

The Court's role is not to determine whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). The Court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly

4

authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## DISCUSSION

In this section the Court finds that both Horizon and the Hospitals have sufficiently stated causes of action to allow the claims to proceed. In light of the fact-intensive nature of the claims, the Court concludes that analysis of the particular statements in question is not appropriate at this nascent stage of the litigation.

**A. Lanham Act – False Advertising**

The primary issue before the Court is whether Horizon and the Hospitals have sufficiently alleged causes of action for false advertising under the Lanham Act.[4]

1. Legal Standard

In order to establish a claim under § 43 of Lanham Act (codified at 15 U.S.C. § 1125(a)), a plaintiff must plead sufficient facts to demonstrate that:

(1) the defendant has made false or misleading statements as to his own product or another's;

(2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

(3) the deception is material in that it is likely to influence purchasing decisions;

(4) the advertised goods travelled in interstate commerce; and

(5) there is a likelihood of injury to the plaintiff in terms of declining sales or loss of good will.

---

[4] Horizon also alleges defamation, disparagement, and tortious interference under New Jersey law based on the same statements, which the Court discusses *infra*.

Case 2:16-cv-00545-JLL-JAD    Document 63    Filed 09/12/16    Page 6 of 12 PageID: 1062

*Pernod Ricard USA, LLC v. Bacardi U.S.A.*, Inc., 653 F.3d 241, 248 (3d Cir. 2011) (citing *Warner–Lambert v. Breathasure*, 204 F.3d 87, 91-92 (3d Cir. 2000); *Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 19 F.3d 125, 129 (3d Cir. 1994)). "A plaintiff can prevail in a false advertising action if it proves that the advertisement 'is either (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers.'" *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). "Proof of literal falsity relieves the plaintiff of its burden to prove actual consumer deception." *Id.*

"A determination of literal falsity rests on an analysis of the message in context." *Rhone–Poulenc*, 19 F.3d at 129. "In deciding whether an advertising claim is literally false, a court must decide first whether the claim conveys an unambiguous message and second whether that unambiguous message is false." *Groupe SEB*, 774 F3d at 198 (citing *Novartis*, 290 F.3d at 586). "A 'literally false' message may be either explicit or 'conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated.'" *Novartis*, 290 F.3d at 586-87 (quoting *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 35 (1st Cir. 2000)). "Unless the claim is unambiguous, however, it cannot be literally false." *Groupe SEB*, 774 F.3d at 198 (citing *Novartis*, 290 F.3d at 587. "'The greater the degree to which a message relies upon the viewer or consumer to integrate its components and draw the apparent conclusion . . . the less likely it is that a finding of literal falsity will be supported.'" *Novartis*, 290 F.3d at 587 (quoting *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1181 (8th Cir. 1998)).

6

In the absence of literal falsity, "the success of the claim usually turns on the persuasiveness of a consumer survey . . . [since] [t]he factfinder must determine whether the public was, in fact, misled." *Rhone-Poulenc*, 19 F.3d at 129-30 (citations omitted); *see also Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 228-29 (3d Cir. 1990) ("[W]here the advertisements are not literally false, plaintiff bears the burden of proving actual deception by a preponderance of the evidence. Hence, it cannot obtain relief by arguing how consumers *could* react; it must show how consumers *actually do* react.") (emphasis in original) (internal citation omitted); *U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 922 (3d Cir.1990) ("If the advertisement is literally true, the plaintiff must persuade the court that the persons to whom the advertisement is addressed would find that the message received left a false impression about the product.") (citation and internal quotation marks omitted).

Additionally, "puffing" statements are not actionable under the Lanham Act. "Puffery is an exaggeration or overstatement expressed in broad, vague, and commendatory language. Such sales talk, or puffing, as it is commonly called, is considered to be offered and understood as an expression of the seller's opinion only, which is to be discounted as such by the buyer." *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993) (internal citations and quotation marks omitted); *see also Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 464 (D.N.J. 2009) (defining puffery as "nonspecific statements that do not refer to specific characteristics of a product"). In contrast, statements are not puffery when they "explicitly or implicitly address product attributes of importance to customers and make statements that are measurable by comparative research . . . ." *Bracco*, 627 F. Supp. 2d at 464; *see also Castrol*, 987 F.2d at 945 ("Puffery is distinguishable from misdescriptions or false representations of specific characteristics of a product.").

7

2. <u>The Statements at Issue</u>

Horizon identifies the following statements made by the Hospital as violating the Lanham Act:

- "It's Your Baby. You Want the Best. Horizon OMNIA Couldn't Care Less" and "You Want the Best for Your Family.  Unfortunately Horizon OMNIA Doesn't" (Am. Compl. ¶¶ 15-23; Exs. C & D)

- "Horizon's OMNIA Will Penalize You to Stay with Your Preferred Hospitals" (*Id.* ¶¶ 24, 25; Ex. D)

- "Horizon's OMNIA: Only 42% are Magnet and Only 37% Were Graded 'A' by Leapfrog" (*Id.* ¶¶ 24, 26, 27; Ex. D)

- "We Want to Make Sure You Are Aware of the Significant Limitations That Choosing [OMNIA] Will Have On Your Healthcare" and "Does Horizon OMNIA Let You Choose? No.  Horizon Blue Cross Wants You to Accept a New Health Plan Called OMNIA That Would Significantly Reduce Your Choice of Hospitals and Doctors" (*Id.* ¶¶ 28-31; Exs. E & F)

- "Horizon BCBSNJ Has Many Insurance Options That Include Valley.  Say No to OMNIA" and "Keep Your Trusted Hospitals & Doctors" (*Id.* ¶¶ 32-42; Exs. G & H)

- Advertisement Depicting a Woman Holding a Stop Sign and Stating That 92% of Survey Respondents Want OMNIA Put on Hold (Ex. I)

- "Horizon Can Destroy High-Quality New Jersey Hospitals," "Restrict Competition for Cost and Quality," and "Hurt You" (*Id.* ¶¶ 43-45; Ex. J)

- Claim That OMNIA Was Devised to Benefit "The State's Largest Health Systems" and that Valley Hospital Has Been "Unfairly Designated as Tier 2" (*Id.*; Ex K)

The Hospitals, meanwhile, identify the following statements made by Horizon as violating the Lanham Act (*see* Counterclaim ¶¶ 2-18; Exs. A & B):

- "Better Care, Lower Cost and More Options"

- OMNIA Will Not Limit Access to Care

- "Disciplined Approach" to Selecting Tier 1 Hospitals

- OMNIA Will Have Little Impact on Tier 2 Hospitals
- Certain Criteria Were Used in Choosing Tier 1 Hospitals
- Horizon Never Said That Tier 2 Hospitals Were of Inferior Quality
- Horizon's Decisions Were Not Based on Religious Affiliation of a Hospital

3. <u>Analysis</u>

Horizon argues that the Hospitals' Counterclaim should be dismissed because the proximate cause of the Hospitals' claimed injury is the operation of OMNIA, as opposed to the false advertising in and of itself. (Horizon Mov. Br. at 6-9; Horizon Reply Br. at 3-8.) Additionally, Horizon argues that the complained of statements are true and otherwise immaterial to consumers' purchasing decisions. (Horizon Mov. Br. at 9-22; Horizon Reply Br. at 8-23.) With respect to its own claims, Horizon argues that it has sufficiently alleged a cause of action against the Hospitals. (Horizon Reply Br. at 23-34.)

The Hospitals argue that they have standing to assert the Counterclaim (Hospital Mov. Br. at 7-13) and that they have sufficiently alleged materiality (*id.* at 13-16). More substantively, the Hospitals contend that none of Horizon's statements identified by the Hospitals in the Counterclaim is puffery or true as a matter of law, and therefore contend that they have sufficiently stated a claim under the Lanham Act. (*Id.* at 16-28.) With respect to Horizon's claims, the Hospitals argue that they should be dismissed for the same reasons asserted by Horizon in support of its motion to dismiss the Counterclaim (*i.e.*, that the statements are puffery, or not capable of being proven false, or otherwise nonactionable). (*Id.* at 28-39; Hospital Reply Br. at 3-12.)

The Court shall deny both motions to dismiss. The Court has thoroughly reviewed the submissions and, construing them in a light most favorable to each party, finds that both Horizon's Amended Complaint and the Hospitals' Counterclaim sufficiently allege the elements related to a

Lanham Act claim. (*See* Am. Compl. ¶¶ 47-57; Counterclaim ¶¶ 19-29.) To be clear, the Court has no opinion on whether Horizon or the Hospitals "will ultimately prevail" on their claims, but simply finds that the pleadings sufficiently demonstrate a plausible claim to relief such that they are "entitled to offer evidence to support the claims." *United States ex rel. Wilkins*, 659 F.3d at 302.

Determining whether the statements at issue are actually in violation of the Lanham Act as a matter of law is not properly before the Court at this time. Given the fact-intensive issues presented by these statements—*i.e.*, are the statements false or misleading (as opposed to nonactionable puffing), and did they deceive and influence purchasing decisions?—the Court finds that it is not proper to formally resolve these issues at the motion-to-dismiss stage. *See, e.g.*, *Pernod Ricard USA LLC v. Bacardi U.S.A., Inc.*, 702 F. Supp. 2d 238 (D. Del. 2010), *aff'd*, 653 F.3d 241 (3d Cir. 2011) (granting judgment to defendant on Lanham Act claim after bench trial); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384 (D.N.J. 2009) (ruling on false advertising claims and counterclaims after bench trial and consideration of post-trial submissions); *Schering-Plough Healthcare Prod., Inc. v. Neutrogena Corp.*, 702 F. Supp. 2d 266, 268 (D. Del. 2010) (bench trial).[5]

---

[5] To be clear, the Court is not stating that it is never appropriate to dismiss Lanham Act false advertising claims prior to discovery. *See, e.g.*, *Smart Vent Prod., Inc. v. Crawl Space Door Sys., Inc.*, No. CV 13-5691 (JBS/KMW), 2016 WL 4408818, at *7 (D.N.J. Aug. 16, 2016) (granting motion for judgment on the pleadings for certain Lanham Act false advertising claims but denying for others). Rather, in light of the nature of these particular claims, the Court finds it in appropriate to do so under the unique facts of this case, prior to the benefit of discovery.

**B.   Horizon's State Law Claims**

Horizon also asserts three state law causes of action based on the same statements made by the Hospitals: defamation, tortious interference with prospective economic advantage, and product disparagement.  (Am. Compl. ¶¶ 58-71.)

The elements of a cause of action for defamation are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher. *NuWave Inv. Corp. v. Hyman Beck & Co.*, 432 N.J. Super. 539, 552, 75 A.3d 1241, 1249 (App. Div. 2013), *aff'd*, 221 N.J. 495 (2015) (citations and quotation marks omitted).

"The tort of interference with a business relation or contract contains four elements: (1) a protected interest; (2) malice—that is, defendant's intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages." *DiMaria Const., Inc. v. Interarch*, 351 N.J. Super. 558, 567 (App. Div. 2001), *aff'd*, 172 N.J. 182 (2002) (citing *MacDougall v. Weichert*, 144 N.J. 380, 404 (1996)).   "[A]n action for product disparagement is an offshoot of the cause of action for interference with contractual relations, such as sales to a prospective buyer." *Dairy Stores, Inc. v. Sentinel Pub. Co.*, 104 N.J. 125, 133 (1986).

The Court finds that, when construing the statements at issue in its favor, Horizon has sufficiently alleged the requisite elements sufficient to survive the Hospitals' motion to dismiss the state law claims.  For the same reasons discussed in connection with the Lanham Act claims, the Court finds it premature to formally determine whether or not the statements amount to a violation of the causes of action.  Again, the Court merely finds that Horizon has alleged enough in the Amended Complaint to allow them offer evidence to support the claims at a later time.

## **CONCLUSION**

For the reasons set forth above, the Court denies the cross-motions to dismiss.   An appropriate Order accompanies this Opinion.

DATED: September _12_, 2016

JOSE L. LINARES
U.S. DISTRICT JUDGE