**McCUSKER, ANSELMI, ROSEN
& CARVELLI, P.C.**
210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Plaintiff, <br><br> v. <br><br> VALLEY HEALTH SYSTEM d/b/a THE VALLEY HOSPITAL, INC. and HOLY NAME MEDICAL CENTER, INC., ABC COMPANY, DEF COMPANY, GHI PARTNERSHIP, JKL ORGANIZATION, JOHN DOE, and JANE ROE, <br><br> Defendants. | Civil Action No.: 16-00545-JLL-JAD <br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINTAND COUNTERCLAIM (Restated and unchanged)** |

Defendants Valley Health System d/b/a The Valley Hospital, Inc. ("The Valley Hospital") and Holy Name Medical Center, Inc. ("Holy Name Medical Center") (together, "Defendants" or "the Hospitals"), by way of Answer and Counterclaim to the First Amended Complaint filed by Plaintiff Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Plaintiff" or "Horizon"), hereby state as follows:

## **INTRODUCTION**

1.      Admit that Plaintiff seeks certain relief; deny that Plaintiff is entitled to same.  The Hospitals categorically deny the remaining allegations in Paragraph 1.

## PARTIES

2.      The Hospitals are without knowledge or information with respect to the truth or falsity of the statements in Paragraph 2.

3.      Admit.

4.      Admit.

5.      The statements in Paragraph 5 are not directed to the Hospitals.   The Hospitals are without knowledge or information with respect to the truth or falsity of the statements.

## FACTS

I.    **OMNIA**

6.      Admit that the OMNIA Health Care Alliance was announced on September 10, 2015.  The remainder of the statements in Paragraph 6 gratuitously allege Horizon's supposed motivations or rationales with respect to the OMNIA Health Care Alliance, to which the Hospitals are not required to respond and therefore deny.

7.      The national statistics speak for themselves.   The remainder of the statements in Paragraph 7 gratuitously allege Horizon's supposed motivations or rationales with respect to OMNIA and healthcare in New Jersey, to which the Hospitals are not required to respond and therefore deny.

8.      The statements in Paragraph 8 gratuitously allege Horizon's supposed motivations or rationales with respect to the OMNIA Health Care Alliance and healthcare in New Jersey, to which the Hospitals are not required to respond and therefore deny.

9.      Denied, except to the extent that Horizon has designated certain hospitals as Alliance members, known as Tier 1 and Tier 2.

2

10.    Deny.

11.    Deny.

12.    Admit that the Hospitals were chosen as Tier 2 hospitals in the Horizon OMNIA network.  Deny the remaining statements in Paragraph 12.

13.    Admit that Horizon seeks certain relief; deny that Horizon is entitled to same.

## II.    THE FALSE ADVERTISEMENTS

14.    Deny.

### A.    THE FALSE BILLBOARDS AND HOLY NEW WEBSITE

15.    Admit that the Hospitals posted a billboard as set forth in Exhibit B to the Verified Complaint.  Deny the remaining allegations in Paragraph 15.

16.    Admit the language as set forth in Exhibit C appeared for a brief time on the home page of the Holy Name Medical Center's website located at www.holyname.org, no matter how "shock[ed]" Plaintiff is.   Deny the remaining allegations in Paragraph 16.

17.    The statements in Paragraph 17 allege gratuitous platitudes with respect to OMNIA, to which the Hospitals are not required to respond.  To the extent a response is required, the Hospitals are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18.    Deny.

### B.    THE FALSE WEBSITE

19.    Admit that the website "SayNOtoOmnia.com" links to the website "saynotohorizon.com," which was posted and is maintained by the Hospitals.   Deny that the website contains false statements.

20.    Admit that the text as set forth in Paragraph 20 appeared on the homepage of the Site at a certain point in time in addition to other information which must be considered in context; deny its similarity to the text of the billboard as set forth in Paragraph B to the Verified Complaint.  Deny that the text or the billboard contain false statements.

21.    Deny that the advertisement is false and malicious.   The remaining allegations in Paragraph 21 allege gratuitous platitudes with respect to Horizon, to which the Hospitals are not required to respond.   To the extent a response is required, the Hospitals are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21.

22.    Admit this information was posted for a certain point in time.

23.    Deny.

24.    Admit that the text as set forth in Exhibit D to the Verified Complaint appeared on the "Know the Facts" screen of the Site.  Deny that the text is false, in fact it is true, but add that the text as set forth in "b." of Paragraph 24 was substantially true but has since been updated.

25.    Deny.

26.    Deny, but add that the percentages as set forth in Exhibit D to the Verified Complaint have since been updated.

4

27.   Deny, but add that the percentages as set forth in Exhibit D to the Verified Complaint have since been updated.

**C.    THE MISLEADING LETTER**

28.   Admit that The Valley Hospital disseminated a letter by mail as set forth in Exhibit E to the Verified Complaint.  Deny the remaining allegations in Paragraph 28.

29.   Admit that the quoted text appears in the letter set forth in Exhibit E to the Verified Complaint.  Deny the remaining allegations in Paragraph 29.

30.   Admit that the quoted text appears in the letter set forth in Exhibit E to the Verified Complaint.  Deny the remaining allegations in Paragraph 30.

31.   Admit that The Valley Hospital is a participating hospital within OMNIA. Deny the remaining allegations in Paragraph 31.

**D.    THE FALSE AND MISPLEADING ADS AND HOLY NAME WEBSITE**

32.   Admit the advertisement as set forth in Exhibit F to the Verified Complaint ran on NJ.com on multiple occasions.   Deny that the advertisement is false and misleading.

33.   Admit that the quoted text appears in the advertisement set forth in Exhibit F to the Verified Complaint.

34.   Deny.

35.   Admit the advertisement as set forth in Exhibit G to the Verified Complaint was inserted by The Valley Hospital and published in The Record.  Deny that the advertisement is false and misleading.

36.   Deny.

37.     Admit that the text as set forth in Exhibit H appeared on the website of the Holy Name Medical Center.

38.     Deny.

39.     Admit that this advertisement was posted at some point in time as set forth in Exhibit I.

40.     Deny.

41.     The Hospitals admit that the bullet-pointed statements in Paragraph 41 and annexed at Exhibit J were posted at some point in time but deny the remaining allegations in Paragraph 41.

42.     Deny.

43.     Valley Hospital admits that it sent emails containing the message included in Paragraph 43 and Exhibit K; Defendants deny the remaining allegations in Paragraph 43.

44.     Admit.

45.     Deny

**III.    DAMAGES**

46.     Deny.

## COUNT ONE
### False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a)

47.     The Hospitals incorporate by reference their responses to paragraphs 1-39 as if more fully set forth herein.

48.     Deny.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

## COUNT TWO
### Defamation Under State Law

58.     The Hospitals incorporate by reference their responses to paragraphs 1-50

as if more fully set forth herein.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

## COUNT THREE
### Disparagement

63.     The Hospitals incorporate by reference their responses to paragraphs 1-55

as if more fully set forth herein.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Deny.

## COUNT FOUR
### Tortious Interference With Prospective Economic Advantage

68. The Hospitals incorporate by reference their responses to paragraph 1-60 as if more fully set forth herein.

69. Deny.

70. Deny.

71. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and/or the equitable doctrines of laches, waiver, unclean hands and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

The statements at issue do not convey a message that is false or misleading and therefore the statements are non-actionable.

### FOURTH AFFIRMATIVE DEFENSE

The statements at issue are not literally false nor do they tend to deceive customers and therefore the statements are non-actionable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any injury nor is there a likelihood of injury due to the statements at issue.

### SIXTH AFFIRMATIVE DEFENSE

The statements at issue are true, substantially true and/or opinion not capable of

truth or falsity and therefore non-actionable.

## SEVENTH AFFIRMATIVE DEFENSE

The statements at issue are not reasonably susceptible to the defamatory meaning ascribed them by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The statements at issue concern matters of legitimate public interest; accordingly, the actual malice standard of liability applies.   Plaintiff cannot meet its burden of establishing that the statements were made with knowledge of falsity or reckless disregard of the truth.

## NINTH AFFIRMATIVE DEFENSE

The Verified Complaint fails to adequately allege actual malice or malice-in-fact.

## TENTH AFFIRMATIVE DEFENSE

The Verified Complaint fails to allege facts sufficient to warrant the imposition of any compensatory or other damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has not suffered any injury, directly or indirectly, as a result of the matters alleged in the Verified Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The Verified Complaint and any award of damages are barred by public policy and the public interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the First Amendment to the United States Constitution; Article I, Section 6 of the New Jersey Constitution; and federal and New Jersey State common law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Verified Complaint is barred by the common law privilege of fair comment on matters of public concern, the qualified privilege, and other privileges.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of entire controversy theory or collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were npot proximately cause by any actionable misconduct of Defendants.

## RESERVATION OF RIGHTS

The Hospitals reserve the right to later amend this pleading by asserting additional affirmative defenses and/or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative thereto.

## COUNTERCLAIM

Defendants Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc. ("the Hospitals") by way of Counterclaim against Plaintiff Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), allege as follows:

10

1.      Horizon has published false and misleading advertisements in the media, including print, online and direct mail concerning its OMNIA healthcare plan.

2.      Specifically, Horizon has published on a website located at www.whathealthcarecostsnj.com -- which was posted and is maintained by Horizon -- two webpages titled "Separating truth from fiction regarding the OMNIA Health Plans" and "Setting The Record Straight."  See Exhibits A and B, respectively. In addition, Horizon stated in a mailer sent to homes in or around October 2015 that its OMNIA plan would offer "Better care, lower costs and more options for more people," implying that its Tier 1 Hospitals offer better care than its Tier 2 Hospitals. See Exhibit C.

3.      The "Separating truth from fiction regarding the OMNIA Health Plans" webpage includes the following false and misleading statement:

| FICTION | FACT |
|---|---|
| The OMNIA Health Plans create narrow-network health insurance plans that will limit access to care. | OMNIA Health Plans have lower premiums and do not limit access. In fact, Horizon BCBSNJ members will be able to see nearly any hospital or doctor in New Jersey. Members will have access to the largest network in the state whether they keep their current health insurance plan or select an OMNIA Health Plan. Consumers and small businesses that purchase our new OMNIA Health Plans and choose to receive care from Tier 2 providers will have total out-of-pocket costs similar to the costs of comparable standard plans in 2016. Large employers will have a range of health plan options, including tiered plans where the employees' Tier 2 out-of-pocket costs can vary based on the employer's health plan choice. |

11

<u>See</u> Exhibit A.

4.      This statement is false and misleading because it claims that the OMNIA Health Plans will not limit consumer access.  To the contrary, the OMNIA Health Plans are designed to provide incentives to members to use Tier 1 hospitals, all the while increasing out-of-pocket costs for consumers who choose to receive care from Tier 2 hospitals -- including Defendants in this action -- and therefore limiting consumer access.

5.      The "Separating truth from fiction regarding the OMNIA Health Plans" webpage also includes the following false and misleading statement:

| FICTION | FACT |
| --- | --- |
| Horizon BCBSNJ arbitrarily selected the hospitals and doctors that are a part of the Tier 1 network. | A disciplined approach was taken when selecting Tier 1 hospitals and doctors. Hospitals and doctors were selected based on a commitment to value-based care, strong clinical quality, consumer preference and multiple service offerings. |

<u>See</u> Exhibit A.

6.      This statement is false and misleading because it claims that certain criteria was used to select the hospitals and doctors that are part of the Tier 1 network when, in fact, many of those hospitals are rated below those in the Tier 2 network under this criteria and Horizon's CEO Robert Marino has admitted that at least 25% of the metrics used to determine Tier 1 or Tier 2 status were Horizon's subjective judgment.

7.      The "Separating truth from fiction regarding the OMNIA Health Plans" webpage also includes the following false and misleading statement:

| FICTION | FACT |
|---|---|
| OMNIA Health Plans will cause Tier 2 hospitals and doctors to shut their doors and diminish care to underserved, minority populations. | The OMNIA Health Plans will have little impact on Tier 2 hospitals and doctors. In fact, Horizon BCBSNJ will continue to offer all of its standard broad-network products to its 3.8 million members. Horizon NJ Health – the state's largest Medicaid plan – will also continue to serve the most vulnerable populations in the state. Finally, of the 256,000 expected enrollees in OMNIA Health Plans in 2016, 40,000 enrollees will be previously uninsured. The OMNIA Health Plans will offer a more affordable health insurance option. |

See Exhibit A.

8.      This statement is false and misleading because it alleges that the OMNIA Health Plans will have little impact on hospitals designated as Tier 2.  However, Horizon has admitted that the OMNIA Health Plans are designed to provide Tier 1 hospitals with lower rates in order to incentivize consumers to migrate from Tier 2 hospitals to Tier 1.

9.      Moreover, Horizon not only has taken steps to encourage physicians to use Tier 1 hospitals rather than Tier 2 hospitals, it expects that as a result of this cost structure, a substantial number of patients to migrate from Tier 2 hospitals to Tier 1 hospitals.

10.     The "Setting The Record Straight" webpage includes the following false and misleading statement:

### THE FACTS

The criteria Horizon BCBSNJ used to create the OMNIA Health Alliance were released on its website and provided to Committees of the New Jersey Senate and media outlets.

Cost and value, while important elements, were not the only evaluation criteria for member organizations. The evaluation criteria included:

> Clinical quality, which is composed of performance on standardized, publicly available ratings of clinical processes and outcomes;

> Service offering across continuum of care, representing the range of clinical services offered by hospitals (including inpatient, outpatient, post-acute, ambulatory and other ancillary care), and specialties and range of admitting privileges of physician groups;

> Consumer preference data, strength of reputation and performance on patient surveys as proxy for how attractive inclusion would be for current or potential customers;

> Value-based care capabilities including current, or demonstrated investments in, capabilities required for value-based care and capacity of financial resources to support a transition from a volume-based reimbursement model to a value-based model;

> OSC scale, encompassing the current system's size and scale and the share of Horizon BCBSNJ membership served;

> Commitment to value-based care based on a willingness and long-term commitment of leadership to change their business models from fee-for-volume to fee-for-value.

All of these factors were considered to design a fee-for-value model that leads to better patient outcomes, an enhanced patient experience and lower overall costs.

See Exhibit B.

11.    This statement is false and misleading because it claims that certain evaluation criteria was used to evaluate member organizations.  In truth, while Horizon has disclosed what it claims are the six evaluation criteria used to evaluate member organizations for Tier 1 status, it has not fully disclosed the relative weight it gave to these criteria or the scoring of individual hospitals because it also conceded that its criteria is partially subjective.  Horizon also did not disclose on its website that it has

14

limited the number of Tier 1 hospitals to one per geographic area and in fact designated several hospitals to Tier 1 for reasons other than its stated criteria.

12.     The "Setting The Record Straight" webpage also includes the following false and misleading statement:

THE FACTS

Horizon BCBSNJ never stated that Tier 2 hospitals were of inferior quality. To the contrary, the company has repeatedly stated that it considers all of its network doctors and hospitals quality providers; otherwise, they would not be in its networks.

The only organizations making claims that Tier 2 means hospitals are of lower quality are the Tier 2 hospitals themselves. Horizon BCBSNJ has never said so and has even awarded a number of Tier 2 hospitals for their quality.

See Exhibit B.

13.     This statement is false and misleading because Horizon has alleged that it evaluated all hospitals within its network based on certain criteria -- specifically clinical quality, consumer preference, value-based care capabilities, OSC scale and commitment to value-based care -- and accordingly designated those with the highest score as Tier 1, therefore resulting in Tier 2 hospitals being designated as inferior to Tier 1 hospitals with respect to these criteria.  Horizon's advertising encourages its members and potential members to use Tier 1 hospitals, claiming by implication, if not expressly, that they provide better care at a lower cost.

14.     The "Setting The Record Straight" webpage also includes the following false and misleading statement:

THE FACTS

Religious affiliation, tax status or other governance arrangements were not part of the evaluation criteria of the OMNIA Health Alliance, the collaboration between doctors and hospitals to reward the value, not volume, of care delivered to patients, or OMNIA Health Plans, insurance plans offered by Horizon BCBSNJ.

15

OMNIA Health Plans offer members lower premiums and the ability to save on out-of-pocket costs (copayments, coinsurance and deductibles) for choosing Tier 1 providers. St. Joseph's Regional Medical Center, a Catholic hospital, is an OMNIA Tier 1 hospital. See Exhibit B.

15.     This statement is false and misleading because, except for St. Joseph's Regional Medical Center, Horizon has not conferred Tier 1 status on any Catholic hospital in New Jersey.  Upon information and belief, Horizon only granted St. Joseph's Regional Medical Center Tier 1 status because no other Tier 1 hospital was available to provide geographic coverage in its market area, Paterson and Wayne, New Jersey.

16.     The "Setting The Record Straight" webpage also includes the following false and misleading statement:

THE FACTS

New Jersey pays the fourth-highest health care costs in the nation. Everyone involved agrees rising costs are becoming unsustainable for consumers, and something must be done to address it. Our members are demanding we hold the line on costs.

With OMNIA Health Plans, Horizon BCBSNJ offers more choice for less – and not at the expense of access to care. OMNIA Health Plans offer members significantly lower monthly premiums and the ability to save on out-of-pocket costs when seeking care from OMNIA Tier 1 providers, which include 34 hospitals and 24,000 doctors and other health care professionals across the state.

If members choose to use Tier 2 providers, they will pay similar out-of-pocket costs (copayments, coinsurance and deductibles) as Horizon BCBSNJ's standard health plans. Horizon BCBSNJ will continue to offer its standard broad-network products.

See Exhibit B.

17.     This statement is false and misleading because the OMNIA Health Plans will limit consumer choice.  Specifically, the OMNIA Health Plans are designed to provide incentives to members to use Tier 1 hospitals, all the while increasing out-of-

pocket costs for consumers who choose to receive care from Tier 2 hospitals -- including Defendants in this action -- and therefore limiting consumer choice.

18.     In a mailer sent to homes in New Jersey in or about October, 2015, (attached as Exh. C) headlined "Better Care, Lower Costs and More Options for More People," Horizon falsely suggests that its OMNIA plan – which relies on its Tier 1 hospitals to be "lower cost" – will provide better and improved care over Tier 2 hospitals. This is false and/or misleading, as the Counterclaimant Hospitals are rated higher than many or most of the Tier 1 hospitals by reputable and widely recognized hospital ratings organizations (besides being as cost efficient, if not more efficient, than many Tier 1 hospitals), and it is not possible therefore for Horizon to promise better care when many of the Tier 1 hospitals have lower ratings and are inferior by other criteria as well.

## COUNT ONE
### False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a)

19.     The Hospitals incorporate by reference the allegations in paragraphs 1-18 as if more fully set forth herein.

20.     Horizon has made and distributed in interstate commerce advertisements that contain false and misleading statements regarding the Hospitals and the OMNIA Health Plans.

21.     These statements actually deceive or have a tendency to deceive a substantial portion of the Hospital's current and prospective patients as well as current and prospective consumers of the OMNIA Health Plans.

22.     This deception is material in that it is likely to influence these patients and consumers decisions to receive care from the Hospitals or purchase an OMNIA Health Plan.

23.     These statements have injured the Hospitals and caused a decrease in patients, damage to business reputation and loss of good will, for which there is no adequate remedy at law.

24.     These false and misleading statements violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.     These false and misleading statements will continue to injure the Hospitals and cause a decrease in patients, damage to business reputation and loss of good will, for which there is no adequate remedy at law.

26.     The Hospitals are entitled to an injunction under 15 U.S.C. § 1116 restraining Horizon, as well as its respective agents, employees, representatives and all persons acting in concert with it from engaging in future acts of false advertising and ordering removal of all of the false advertisements.

27.     Pursuant to 15 U.S.C. § 1117, the Hospitals are further entitled to recover from Horizon the damages sustained by the Hospitals as a result of Horizon's acts in violation of 15 U.S.C. § 1125(a), with the amount of such damages to be ascertained through discovery.

28.     Pursuant to 15 U.S.C. § 1117, the Hospitals are further entitled to recover from Horizon the gains, profits and advantages that Horizon has obtained as a result of its acts in violation of 15 U.S.C. § 1125(a), with the amount of such gains, profits and advantages to be ascertained through discovery.

29.     Pursuant to 15 U.S.C. § 1117, the Hospitals are further entitled to recover the costs of this action.  Moreover, upon information and belief, Horizon's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception,

making this an exceptional case entitling the Hospitals to recover additional damages and reasonable attorneys' fees.

**WHEREFORE**, Defendants Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc. demand judgment against Plaintiff Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey as follows:

(a)  Denying Plaintiff's requests for temporary, preliminary and permanent injunctive relief;

(b)  Denying Plaintiff's request that the Hospitals "correct" alleged erroneous impressions with respect to Plaintiff or OMNIA;

(c)  Denying Plaintiff's request that the Hospitals be adjudged to have violated 15 U.S.C. § 1125(a);

(d)  Denying Plaintiff's request that the Hospitals be adjudged to have violated New Jersey state law;

(e)  Denying Plaintiff's request that the Hospitals' materials be removed and destroyed pursuant to 15 U.S.C. § 1118;

(f)  Dismissing Plaintiff's Verified Complaint with prejudice;

(g)  Dismissing Plaintiff's request for a Preliminary Injunction with prejudice.

(h)  That Plaintiff be adjudged to have violated 15 U.S.C. § 1124 by unfairly competing against Defendants by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of Defendants and/or OMNIA.

(i)  That Counterclaimants be awarded damages sustained in consequence of Plaintiff's conduct.

(j)  That Plaintiff be ordered to correct any erroneous impressions the public may have derived concerning the nature, characteristics or qualities of Defendants or the OMNIA Program, including without limitation the placement of corrective advertising and providing written notice to the public.

(k)  Awarding the Hospitals costs of suit and reasonable attorneys' fees, prejudgment and post-judgment interest; and

(l)     Awarding such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants/Counterclaimants, Valley Health System d/b/a The Valley Hospital, Inc. and Holy Name Medical Center, Inc., hereby demand a jury trial as to all issues.

Dated: October 6, 2016

**MCCUSKER, ANSELMI, ROSEN & CARVELLI, P.C.**

By: s/ Bruce S. Rosen_____
    Bruce S. Rosen, Esq.
    210 Park Avenue, Suite 301
    Florham Park, New Jersey 07932
    Tel: (973) 635-6300
    Fax: (973) 635-6363

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that the matter in controversy is, in part, the subject of another action

pending in the New Jersey Superior Court, Chancery Division, Bergen County, Capital

Health System, Inc., et al v. Horizon Healthcare Services, Inc. bearing Docket No.: BER-

C-369-15, wherein the Hospitals are plaintiffs as along with one other hospital entity, .


Dated: October 6, 2016

**MCCUSKER, ANSELMI, ROSEN
& CARVELLI, P.C.**


By: s/ Bruce S. Rosen_____
    Bruce S. Rosen, Esq.
    210 Park Avenue, Suite 301
    Florham Park, New Jersey 07932
    Tel: (973) 635-6300
    Fax: (973) 635-6363

21